UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE IRIZARRY,

                              Plaintiff,

          -against-

MANHATTAN CORRECTIONAL CENTER;
MARTI-JINCON VITALE, Former Warden,
CHARISMA EDGE, current AW; ROBERT
HAZLEWOOD, former Warden; N. DIAYE;
JOHN DOE, former warden 2019-2020,

                              Defendants.

21-CV-5170 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently detained at the Metropolitan Correctional Center (MCC),

brings this action *pro se*, alleging that Defendants violated his constitutional rights. He sues

MCC, its current acting warden, and three former wardens. By order dated July 12, 2021, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma

pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

          The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff's complaint contains the following allegations. Plaintiff has been at MCC since March 2019 and has been "neglected medical attention many times." (ECF 1 at 4.) Before Plaintiff was incarcerated, he suffered "an eye injury that requires surgery" (*id.*), which has not yet taken place. Plaintiff also suffers from post-traumatic stress disorder and anxiety for which he takes medication, but he has been taken "on & off of [his] medications whenever they want to" do so.[2] Plaintiff "put in numerous 'cop outs' to medical + even to higher executives, which have either been ignored, unresponsive and even deleted."[3] (*Id.*)

Then, in February 2020, "[t]he building went on lockdown and none of the inmates knew why." (*Id.*) During this period, inmates were denied communication with their families, locked in their cells without showers or recreation for 80 hours at a time, and "for more than a month" received cold food trays. (*Id.*) Plaintiff eventually learned that an inmate had found a gun in the facility. After the gun was found, the administration "brought a special team of officers that came in and used excessive force on inmates that didn't have any wrongful acts." (*Id.* at 5.) This left Plaintiff "mentally disturbed" and he wakes up in the night "anytime [he] hear[s] footsteps or keys."[4] (*Id.*)

---

[2] It is unclear who Plaintiff alleges is responsible for changing his medication.

[3] All spelling and punctuation in language quoted from the complaint is original.

[4] Plaintiff does not allege that officers used excessive force against him personally.

Plaintiff brought these concerns to the attention of his attorney,[5] and eventually the Federal Defenders initiated litigation about conditions at MCC.[6] Since making this report to the Federal Defenders, Plaintiff has "been treated unfairly." (*Id.* at 7.) Plaintiff was "removed from multiple cells," his mail is "always being tampered with," his family has received envelopes from him with "no mail inside," his food "smells funny at times," and he has to "beg for medical attention." (*Id.*)

From April 26, 2021, to June 8, 2021, Plaintiff was confined in the segregated housing unit (SHU) because Officer Nadel, who "has a personal issue with [Plaintiff] decided to fabricate a lie." (*Id.* at 8.) Officer Nadel falsely charged Plaintiff with being in possession of drugs and alcohol, and the matter was referred to the Federal Bureau of Investigation, which declined to pursue it. At Plaintiff's disciplinary hearing, "[t]he ticket was expunged due to multiple errors and technicalities" (*id.*), but he had already spent 43 days in the SHU.

Officer Nadel, who is not named as a defendant in this action, also "verbally assaulted" Plaintiff by calling him "a bitch," suggesting that he was "never [going] home," and cautioning him not to "drop the soap." (*Id.*) Plaintiff grieved these incidents but never received a copy showing that his grievances were filed, which he alleges is "a violation of [his] constitutional rights." (*Id.*)

Plaintiff also asserts claims about conditions at MCC generally, including that detainees "have been denied law library"; vents and windows are "full of rust and dust"; inmates are denied cleaning supplies, and the facilities are sanitized only "when higher ups are walking

---

[5] Plaintiff has pending criminal proceedings in this Court. *See United States v. Irizarry*, No. 17-CR-0283-16 (LAP) (S.D.N.Y.).

[6] The Court has not located any public records showing that Plaintiff is a named party in litigation about conditions at MCC.

around"; and rodents and insects are "constantly in the cells," and staff remove items used to block rat holes. In addition, in connection with the Covid-19 pandemic, Plaintiff alleges, without additional details, that "they weren't following the proper procedures for Covid," and that detainees have had "limited access to family members" and "couldn't mourn properly" family members who "died since the Corona pandemic." (*Id.* at 9.)[7]

Plaintiff sues MCC, the current acting warden, and three former wardens of MCC, seeking damages.

## DISCUSSION

### A.   Claims against MCC and Official-Capacity Claims Against Wardens

Under the doctrine of sovereign immunity, the United States is immune from suit except where it consents to being sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Sovereign immunity therefore bars Plaintiff's claims against MCC and his official-capacity claims against MCC wardens unless the claims arise under a statute waiving their sovereign immunitiy.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, provides a limited waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. *See* § 1346(b)(1).[8] Plaintiff's

---

[7] It is unclear from the allegations of the complaint whether these are conditions that Plaintiff has personally experienced or whether he raises only conditions and problems that other detainees have experienced.

[8] The FTCA does not waive the sovereign immunity of the United States for constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the

claims for money damages based on allegations regarding inadequate medical care and inadequate conditions of his confinement at MCC and can be liberally construed as tort claims under the FTCA. The only proper defendant for an FTCA claim is the United States of America. *See* 28 U.S.C. § 2679(d)(1) ("[T]he United States shall be substituted as the party defendant"). Any claims that Plaintiff is asserting under the FTCA against MCC and the MCC Wardens in their official capacities for tortious conduct therefore must be brought against the United States.

Moreover, an FTCA claimant must exhaust his administrative remedies before filing suit in federal court by: (1) filing a claim for money damages with the appropriate federal government entity and (2) receiving a final written determination from that agency. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). FTCA claims must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" and an FTCA action must be commenced within six months of when the agency issues its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b).

The statute of limitations is non-jurisdictional and subject to equitable tolling. *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015) ("Section 2401(b) is not a jurisdictional requirement. The time limits in the FTCA are just time limits, nothing more."). But the requirement that claims be presented to the agency for administrative exhaustion is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717,

---

FTCA] for constitutional tort claims."). The Court therefore addresses Plaintiff's constitutional claims separately below.

728 (E.D.N.Y. 2015) ("Failure to comply with [presentment] results in dismissal of the suit.").

Moreover, "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

Plaintiff does not allege that he exhausted his administrative remedies by filing a claim for damages regarding the conditions at MCC, noncompliance with Covid-19 protocols, or inadequate medical care, with the United States Bureau of Prisons (BOP). Nor does Plaintiff allege that he received a final written determination from the BOP. Because Plaintiff has not alleged facts showing that he complied with the FTCA's requirement that an administrative claim be presented to the agency, the Court lacks jurisdiction of his FTCA claims. *See, e.g.*, *Adeleke v. United States*, 355 F.3d 144, 154 (2d Cir. 2004) (holding that, among other reasons, because FTCA claims were not administrative exhausted, "there is no federal jurisdiction under that statute to hear his damages claim").

Plaintiff's claims against MCC and official-capacity claims against MCC wardens are therefore dismissed for lack of subject matter jurisdiction, based on sovereign immunity, without prejudice to Plaintiff's filing an action asserting FTCA claims against the United States, after he has exhausted his administrative remedies.

## B.    Constitutional Claims

The Court construes Plaintiff's allegations that federal employees violated his constitutional rights as claims arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].")*; Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). *Bivens* relief against federal officials in their individual capacities is available only where the individuals were personally involved in the alleged constitutional violations. *Ziglar v. Abbasi*, 582 U.S. __, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty*, 789 F3d 218, 233 (2d Cir. 2015).

The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar*, 137 S. Ct. at 1854-55. The Supreme Court has made clear, however, that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *id.* at 1857. If a claim arises in a "new context" because it differs meaningfully from a recognized *Bivens* claim, the Court must determine if it is appropriate to imply a new private right of action, including asking whether there are "special factors counselling hesitation" in doing so. *Id.* at 1857; *see also Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701, 710 (S.D.N.Y. 2020) ("[D]istrict courts have disagreed on whether the availability of an FTCA action precludes a *Bivens* remedy in the wake of *Abbasi*.").

It is unclear whether a *Bivens* remedy is available to a federal pretrial detainee asserting damages claims based on a federal employee's deliberate indifference to the conditions of the detainee's confinement or the detainee's serious medical needs. *Compare Laurent v. Borecky*, No. 17-CV-3300 (PKC) (LB), 2018 WL 2973386, at *5 (E.D.N.Y. June 12, 2018) (holding that a

Fifth Amendment claim for damages for constitutionally inadequate medical treatment bears a strong resemblance to the Eighth Amendment claim brought by convicted state prisoners in *Carlson*, and thus federal pretrial detainees may bring such a claim for damages under *Bivens* because this was not a new context), *with Rivera v. Fed. Bureau of Prisons*, No. 17-CV-5103 (GBD) (DF), 2018 WL 11312146, at *8 (S.D.N.Y. Dec. 14, 2018) ("[A]s *Abbasi* states, "even a modest extension [of *Carlson*] is still an extension."), *report and recommendation adopted in part*, 368 F. Supp. 3d 741 (S.D.N.Y. 2019) (declining to dismiss *sua sponte* the *Bivens* claims against John Doe defendants, who had not been served).[9] Even assuming for purposes of this order that a *Bivens* action for damages is available, Plaintiff fails to plead facts stating such claims.

1.    Medical Care

A federal detainee's claim for deliberate indifference to his serious medical needs arises under the Fifth Amendment's Due Process Clause. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Darnell v. Pineiro*, 849 F.3d 17, 21 n.3 (2d Cir. 2017)). To state a claim for constitutionally inadequate medical care, a plaintiff must plead facts showing that (1) the deprivation of medical care is objectively "sufficiently serious" in light of a medical condition "that may produce death, degeneration, or extreme pain," *Hill*, 657 F.3d at 122, and (2) "the defendant-official . . . intentionally . . . or recklessly failed to

---

[9] *See also Rivera v. Fed. Bureau of Prisons*, No. 17-CV-5103 (GBD) (DF), 2018 WL 11312146, at *6 (S.D.N.Y. Dec. 14, 2018) ("[T]he Public Health Services Act (the "PHSA"), 42 U.S.C. § 233(a), makes clear that a *Bivens* claim brought by an inmate simply will not lie against federal actors who, as employees of the federal Public Health Service (the "PHS"), are accused of wrongdoing arising out of their provision of medical services to the plaintiff, or their engaging in "related functions," because the sole recourse available to a plaintiff for any harm resulting from such actors' conduct would be a tort claim against the United States, under the FTCA."), *report and recommendation adopted*, 368 F. Supp. 3d 741 (S.D.N.Y. 2019).

act with reasonable care . . . even though the defendant-official knew, or should have known," that the alleged medical condition "posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35; *see also Hill*, 657 F.3d at 122–23.

Here, Plaintiff's allegations regarding his medical issues are too vague to show that his medical needs were objectively sufficiently serious. He alleges that he was "neglected medical attention many times" but does not plead any facts about the medical problem (or problems) for which he was seeking medical care.[10] Plaintiff does allege that he suffered an "eye injury" years earlier that requires treatment, but he does not plead any facts about the current status of this condition or show that any delay in treatment poses a serious risk of harm.

Moreover, a *Bivens* claims for damages will lie only against an individual who was personally involved in depriving Plaintiff of a constitutional right. The only individuals named in the complaint are current and former wardens of MCC, and Plaintiff does not plead any facts suggesting that the wardens were personally involved in denying him medical care. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Al- Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989). Plaintiff alleges that he named the wardens as defendants because they "were the higher executives who had the power to change a lot of the foul play that was taking place." (ECF 2 at 7.)  Plaintiff also alleges that "they" deleted his sick call requests and engaged in "illegal . . . tampering," but it is not clear that he is suggesting that the wardens themselves did so; he also alleges that "they" frequently changed his medication, but the wardens

---

[10] As set forth above, tort claims seeking damages from the United States (or its agencies and officers), such as claims for negligence or medical malpractice, arise under the FTCA and must be presented to the BOP for administrative exhaustion before filing suit.

are not medical professionals responsible for prescribing medication and it is unclear to whom he is referring. Plaintiff's allegations are thus insufficient to show that one or more of the wardens was personally aware of and deliberately indifferent to his serious medical needs, and Plaintiff fails to state a claim on which relief can be granted under *Bivens* for constitutionally inadequate medical care.

> 2.   Conditions of Confinement

Plaintiff may also be attempting to assert some claim under *Bivens* against the wardens in their individual capacities for unconstitutional conditions of confinement. But again, Plaintiff fails to plead facts showing that the wardens were personally involved in the constitutional violations. Plaintiff alleges, for example, that facilities were adequately cleaned only when "higher ups" were present (ECF 1 at 9); this allegation undercuts Plaintiff's claim that the acting or former wardens personally knew or should have known of unconstitutional conditions at MCC. Moreover, it is often unclear from Plaintiff's allegations whether he is describing his own injuries or injuries that others suffered. And Plaintiff's allegation that Defendants "weren't following the proper procedures for Covid" (ECF 1 at 9) is insufficient to describe what Defendants did or failed to do that violated his rights.

Because Plaintiff fails to plead facts showing that the individual defendants personally knew or should have known about specific conditions of Plaintiff's confinement that violated his constitutional rights, Plaintiff fails to state a *Bivens* claim for damages against them based on these allegations.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). At this stage, the Court, without

resolving whether a *Bivens* claim is available, grants Plaintiff leave to replead his claims that his
constitutional rights were violated.

Should he choose to replead, Plaintiff must name as defendant(s) the individuals who
were personally involved in the deprivation of his constitutional rights, and include facts
explaining how each person was involved in violating his rights.[11] The Court also grants Plaintiff
leave to replead his FTCA claims against the United States and to plead facts showing that he has
exhausted his administrative remedies by presenting a claim for damages to the BOP.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of
claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each
claim against each defendant named in the amended complaint. Plaintiff is also directed to
provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's
amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including
    what each defendant did or failed to do;

---

[11]Plaintiff has not explicitly requested injunctive relief, but the Court notes that federal
prisoners challenging the conditions of their confinement and seeking injunctive relief may do so
in a petition brought under 28 U.S.C. § 2241. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir.
2008); *see, e.g., Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (noting that "the
Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting
conditions-of-confinement claims, without limitation"). While there is no statutory exhaustion
requirement for a section 2241 petition, the Second Circuit has held that exhaustion of
administrative remedies is generally a prerequisite to *habeas corpus* relief under section 2241.
*See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *United States
ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976). The BOP has a four-step
Administrative Remedy Program for presenting administrative claims to the agency. 28 C.F.R.
§§ 542.10–19. Plaintiff does not specify whether he has presented his claims to the BOP. If
Plaintiff seeks only injunctive relief, instead of damages, he may wish to bring his claims in a
petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 after exhaustion.

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, and label the document with docket number 21-CV-5170 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an

appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 17, 2021
         New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                  Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                       Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____